**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FCSTONE MERCHANT SERVICES, LLC** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:20-cv-03693** |
| **SGR ENERGY, INC. and ST SHIPPING & TRANSPORT PTE LTD., and THOMAS SAN MIGUEL, Individually** | § § § § § | |
| *Defendants.* | § § | |

---

**DEFENDANT THOMAS SAN MIGUEL'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12**

---

Pursuant to Fed. R. Civ. P. 12(b)(6) Defendant Thomas San Miguel ("San Miguel") moves the Court for an Order dismissing Count Three: Negligent Misrepresentation and Count Four: Tortious Interference with Existing Contracts and Prospective Business Relations asserted against him by FCStone Merchant Services, LLC ("Plaintiff") for failure to state a claim upon which relief could be granted.  In support of his Motion, San Miguel submits the following brief.

## I.      STATEMENT OF THE ISSUES

A. Plaintiff's complaint has no allegations of tort injury or damages distinct and apart from alleged contractual damages sufficient to state a claim for negligent misrepresentation.

B. Plaintiff's complaint does not include allegations of extra-contractual actions or representations by San Miguel which give rise to an independent tort-based duty

supporting a claim for negligent misrepresentation; therefore, Plaintiff fails to state a claim.

C. Plaintiff's complaint has no allegations that San Miguel, a principal of codefendant SGR Energy ("SGR"), could have only been acting on his personal interests (and not those of SGR) in his actions with a third party; therefore, Plaintiff's allegations fail to state a claim against San Miguel for tortious interference with existing contracts and prospective business relationships.

## II.    SUMMARY

Plaintiff fails to state a claim for negligent misrepresentation against San Miguel because it fails to identify any tort injury or damages it suffered which are distinct or apart from alleged contractual damages.  Plaintiff fails to identify any action or representation which were not made "on behalf of SGR" and, in fact, repeatedly notes San Miguel's representations were actually made "on behalf of SGR."  Because Plaintiff only alleges it is owed contractually-related benefit-of-the-bargain damages related to the alleged misrepresentations related to the MPSA, it fails to state a claim for negligent misrepresentation.

Additionally, to recover on a claim for negligent misrepresentation, Plaintiff must identify a tort-based duty arising separate and apart from any contractual representations. Again, Plaintiff fails to allege any representations San Miguel made which were made on his own behalf, as opposed to those Plaintiff acknowledges were made on the behalf of SGR.  Because Plaintiff fails to allege San Miguel owed Plaintiff a duty imposed by law rather than by contract, Plaintiff fails to state a claim for negligent misrepresentation.

Plaintiff fails to state a claim for tortious interference with Existing Contracts and Prospective Business Relations because a principal of the contracting party generally

cannot interfere with the contracting party's actual or prospective business relationships with a third party.  As CEO, San Miguel is a principal of SGR and Plaintiff fails to allege any action of San Miguel which could have only have been motivated by personal interests (at the expense of SGR's interests) and which could not have been him acting within the scope of his agency at the time of the alleged interference.  Therefore, Plaintiff has failed to allege facts sufficient to state a claim for tortious interference with existing contracts and prospective business relations.

### III.   FACTUAL BACKGROUND

San Miguel is the Chief Executive Officer of SGR.  *See* First Amended Complaint [Doc. 14] at ¶12.  Plaintiff and codefendant SGR entered into a Master Purchase and Sale MPSA on September 3, 2019 ("MPSA" or "Agreement")[1] to govern their crude and fuel oil transactions.  *See* First Amended Complaint [Doc. 14] at ¶13; *see also* MPSA, attached by Plaintiff as Doc. 14-1, Exhibit 1 to Plaintiff's Complaint.

After Plaintiff and SGR completed several successful transactions pursuant to the MPSA, a dispute arose between the parties related to two voyages transporting crude and/or fuel oil from Port Comfort, Texas to the port of Baranquilla, Columbia.

On October 27, 2020, Plaintiff filed suit against SGR and shipping contractor ST Shipping & Transport PTE, Ltd ("STS") related to the dispute.  Doc. 1.  Plaintiff alleged one count of breach of contract against SGR.  *Id.* at 11.  Plaintiff concurrently sought injunctive relief against STS.  *Id.* at 11-14.  Plaintiff did not sue San Miguel at that time.

---

[1] The MPSA is attached as Ex. 1 to the First Amended Complaint.

On November 20, 2020, SGR answered Plaintiff's Complaint and denied breaching the MPSA.  Doc. 8.  On the same day, STS filed a Motion to Dismiss Plaintiff's Complaint based on multiple grounds.  Doc. 9. Pursuant to Federal Rule of Civil Procedure 15, Plaintiff was therefore permitted to amend its complaint.  On December 11, 2020, Plaintiff filed its First Amended Complaint ("Complaint" or "Doc. 14") and, for the first time, asserted a claim of negligent misrepresentation against SGR and San Miguel, as well as a separate claim of tortious interference against San Miguel alone.  Doc. 14, at 23-26.

In its amended Complaint, Plaintiff made multiple new allegations against SGR and San Miguel and attempted to use those allegations to state a claim for negligent misrepresentation.  Plaintiff explicitly acknowledged that San Miguel's representations were made on behalf of SGR.  *See, e.g.,* Doc. 14 at ¶¶ 109, 147; *see also, e.g., id.* at ¶¶ 103-107, 115, 125, 127, 129, 157-166 (alleging "SGR and San Miguel" "represented," "assured," "made representations," "advised," "provided…false information.")  Plaintiff never alleges that San Miguel made any representation on *his own behalf* which was not also a representation made by SGR related to the MPSA.

Further, in the amended Complaint, Plaintiff made new allegations related to leased tank agreements which SGR and Plaintiff had with third parties Midstream Texas Ingleside, LLC ("MTI") and Texas Flow Tankage, LLC ("TFT").  Doc. 14 at ¶¶ 94 to 135.  Plaintiff then alleged that San Miguel, the acknowledged CEO of SGR, tortiously interfered with SGR's relationship with MTI and TFT but failed to allege that any action of San Miguel was motivated solely for San Miguel's own personal benefit or that it was not within the scope of his role as CEO of SGR.   Because Plaintiff's allegations as to San

Miguel fail to state a prima facie claim for either negligent misrepresentation or tortious interference, this motion to dismiss followed.

## IV.    ARGUMENT AND AUTHORITIES

Codefendant SGR previously articulated the standards considered for motions to dismiss for failure to state a claim in SGR's Motion to Dismiss Pursuant to Fed. R. Civ. P 12 filed on December 23, 2020 in this proceeding.  Doc. 18 at § III, pages 3 to 5.  Because of the unity of identity between SGR and its CEO San Miguel for the purposes of this dispute, and for the purpose of judicial efficiency and the avoidance of redundancy, San Miguel adopts the standards set forth in SGR's motion related to motions to dismiss pursuant to Federal Rule 12 as if set forth in full herein.

### A.    Failure to State a Claim for Negligent Misrepresentation

#### 1.  The Elements Of A Cause Of Action For Negligent Misrepresentation.

"The elements of a cause of action for [negligent misrepresentation] are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation."

*Stolts v. Wells Fargo Bank, NA*, 31 F. Supp. 3d 876, 882 (S.D. Tex. 2014) (Hanen, J.)

(citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2003).

#### 2.  Plaintiff Fails To State A Claim For Negligent Misrepresentation Because It Fails To Allege Any Independent Injury Apart From Contractual Damages.

In the First Amended Complaint, the following allegations are made:

> 157.   SGR and San Miguel made representations related to SGR's payment and subsequent nonpayment under the [MPSA] and related to potential buyers of the Commodity.

Doc. 14 at ¶157.  This allegation is followed by five paragraphs alleging misrepresentations by San Miguel and SGR regarding payments due under the MPSA.  *Id.* at ¶¶ 158-162.

These claims are followed by allegations related to the quality of crude oil sold to Plaintiff under the MPSA:

> 163.   San Miguel and SGR further made representations with respect to the quality of the crude oil procured and delivered to the TFT and MTI Leased Tanks.

*Id.* at ¶163.  This allegation is followed by four paragraphs alleging misrepresentations by San Miguel and SGR as to the quality of the crude oil sold to Plaintiff under the MPSA. *Id.* at ¶¶ 164-167.

Therefore, all of Plaintiff's claims with regard to negligent misrepresentation are allegations that it did not receive the benefit of its bargain under the MPSA.

The MPSA and the Confirmations of transactions obviously contain provisions related to payments due under that MPSA.  *See* Exs. 1, 2, 3 and 4 to First Amended Complaint [Doc. 14].[2]  Plaintiff alleges a breach of these provisions.  *See* First Amended Complaint at ¶ 15 and ¶¶ 31-37 .

The MPSA also contains provisions related to the quality of the Commodity sold by

---

[2] Section 2.4(a) of the MPSA (Ex. 14-1) covers forward sales of the Commodity from Plaintiff to SGR pursuant to Confirmations and provides for remedies under Article 7 if Customer fails to purchase the Commodity according to the Confirmation at the Transaction Sale Price.  Plaintiff alleges a breach of these provisions.  *See* First Amended Complaint at ¶ 15 and ¶¶ 31-37 [Doc. 14].

Customer to Plaintiff. Doc. 14-1, MPSA at Sections 2.3(e), 3.1, 3.2, 3.4, and 6.1(c), (d) and (e). The MPSA provides that the Customer warrants and represents that the Commodity will be merchantable and meet "the specifications in the Confirmation and for sale under the Applicable Laws, and acceptable industry rules and practices, including … Applicable Trade Rules." Doc. 14-1, MPSA at Article 3, Section 3.1.[3]

Plaintiff fails to allege any representation made by SGR's CEO San Miguel which (1) was not made on behalf of SGR, (2) was made outside of the text of the MPSA, or (3) differed from any representation in the MPSA. Furthermore, Plaintiff fails to allege any damages arising from any San Miguel representation which differ from the damages it claims resulted from the alleged SGR breach of contract.

Plaintiff's claim for negligent misrepresentation fails for lack of the identification of any independent injury—separate from an injury arising from the breach of the parties' contract. *Tex. Drain Techs., Inc. v. Centennial Contractors Enters.*, No. H-14-3298, 2015 U.S. Dist. LEXIS 88057, at *7 (S.D. Tex. 2015) (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998)) *see also Montemayor v. State Farm Lloyds,* Civil Action No. 1:15-cv-173, 2016 U.S. Dist. LEXIS 137235, at *10 (S.D. Tex. 2016) (Hanen, J.) (granting summary judgment on claims of negligent misrepresentation where plaintiff presented no evidence of an independent injury). Unlike claims arising from fraud, the benefit-of-the-bargain measure of damages is not available for a claim of negligent misrepresentation. *Curtis v. Cerner Corp.*, No. 7:19-cv-00417, 2020 U.S. Dist.

---

[3] The Applicable Trade Rules are the standards of practice of the American Petroleum Institute and the American Society for Testing and Materials (ASTM). Ex. 14-1, MPSA at Section 3.1.

LEXIS 152899, at *41 (S.D. Tex. 2020) (citing *D.S.A, Inc.* 973 S.W.2d at 663-664). Accordingly, if a negligent misrepresentation claim only seeks benefit-of-the-bargain damages, instead of those damages permitted for negligent misrepresentation, (1) a plaintiff cannot establish an independent injury that is distinct from the economic losses recoverable under a breach of contract claim and (2) the economic loss rule bars any recovery of these damages under the negligent misrepresentation claim. *D.S.A, Inc.*, 973 S.W.2d at 664. Repudiating the independent injury requirement for negligent misrepresentation claims would potentially convert every contract interpretation dispute into a negligent misrepresentation claim. *Id.; see Sterling Chemicals., Inc. v. Texaco Inc*., 259 S.W.3d 793, 798 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Undoubtedly, a principal of an organization may be personally liable for his own tortious acts, even when acting in the course and scope of his employment, if the claims were sufficient. *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 672 (W.D. Tex. 2019). However, where a chief executive officer makes no non-contractual representation and a plaintiff alleges no non-contractual injury, the matter sounds exclusively in contract, not in tort. *See Agillion, Inc. v. Oliver*, 114 S.W.3d 86, 91-92 (Tex. App.—Austin 2003) (holding CEO's representations did not differ from settlement agreement language and plaintiff alleged no non-contractual damages.)

Here, Plaintiff offers no allegations of damages flowing from CEO San Miguel's representations which differ from the damages allegedly flowing from the representations of SGR contained in the MPSA. In its Complaint, Plaintiff FCStone alleges that its damages result from San Miguel and SGR's alleged misrepresentation regarding payment

for sales under the MPSA or that San Miguel and SGR misrepresented the quality of the Commodity and that Plaintiff paid SGR too much for "subgrade domestic crude oil product" purchased pursuant to the parties' agreement.  Plaintiff does not allege any other damages resulting from the supposed misrepresentations.  Therefore, Plaintiff alleges that it did not receive the benefit of its bargain under the MPSA.  Because this measure of damage is not recoverable upon a claim of negligent misrepresentation, Plaintiff failed to allege any independent injury which will support its cause of action; the Court should dismiss Plaintiff's negligent misrepresentation cause of action for failure to state a claim.

### 3. Plaintiff Fails To State A Claim For Negligent Misrepresentation Because It Fails To Identify A Non-Contractual Duty Owed By San Miguel To Plaintiff.

"In order for a tort duty to arise out of a contractual duty,… the tort liability must arise 'independent of the fact that a contract exists between the parties.'"  *Matagorda Ventures v. Travelers Lloyds Ins. Co*., 203 F. Supp. 2d 704, 719 (S.D. Tex. 2000) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co*., 103 F.3d 456, 460 (5th Cir. 1997)) (Rosenthal, J.).  To sustain a claim for negligent misrepresentation, "the defendant must breach a duty imposed by law rather than by contract."  *Barraza v. Bank of Am., N.A*., No. EP-12-CV-35-KC, 2012 U.S. Dist. LEXIS 196799, at *35 (W.D. Tex. 2012) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 45 (Tex. 1998)).

"Under Texas's economic loss rule, … no duty in tort exists when plaintiffs have suffered only economic losses. Therefore in Texas, the economic loss rule bars plaintiffs from 'recover[ing] economic losses resulting from a defective product based on a negligence

theory.'" *Memorial Hospital Healthcare System, Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008).

Thus, any duties related to quality of the Commodity arise from the Agreement and not as a result of an independent duty on the part of San Miguel.

San Miguel was the signatory on behalf of SGR in the MPSA with Plaintiff. Plaintiff alleges that "SGR and San Miguel[ ] represent[ed] and promis[ed] to make payment under the MPSA." Doc. 14, at ¶160; *see also* ¶34 (representation of timely payment). This allegation presents no extra-contractual representation by San Miguel or SGR which would create an independent duty owed to Plaintiff. *See Matagorda Ventures*, 203 F. Supp. 2d at 719.

Plaintiff alleges that "SGR and San Miguel assured" Plaintiff that the product it would receive was of "industry standard quality." Doc. 14, at ¶104; 125; 163. Plaintiff alleges that they collectively make claims that the quality of the Commodity was misrepresented. *Id*. at ¶¶ 163-167. These representations are made in the MPSA, and are not extra-contractual representations, and, therefore, do not create an independent duty owed by San Miguel to Plaintiff. MPSA at §3.2 (product to be of Merchantable Quality). To hold otherwise as to SGR's CEO San Miguel would create an independent tort on the part of the signatory of any company entering into a contract.

Plaintiff alleges that the product it received pursuant to the MPSA did not conform to the contract specifications ("subgrade") and, therefore, was of lower value than what is paid for. Doc. 14, at ¶167. None of these allegations identify an extra-contractual representation supposedly made by San Miguel which would create an independent duty

on the part of San Miguel and support a cause of action for negligent misrepresentation. *See Barraza*, 2012 U.S. Dist. LEXIS 196799, at *35.   Moreover, Plaintiff's allegations about the deficient quality of petroleum products delivered pursuant to the MPSA cannot, as a matter of law, create an independent duty owed by San Miguel to Plaintiff which would support a claim for negligent misrepresentation. *See Eurocopter Deutschland, GMBH*, 524 F.3d at 678.   Plaintiff makes no allegations that SGR's actions differ from San Miguel's. Any common cause of action, like negligent misrepresentation, rests on supposed common facts; none of those facts involve extra-contractual actions by either SGR or San Miguel.

Because Plaintiff has failed to allege an extra-contractual misrepresentation by SGR CEO Tommy San Miguel which would create an independent duty to Plaintiff, and because Plaintiff's damages allegations present only claims barred by the Economic Loss Rule (therefore no duty *can* arise), Plaintiff fails to state a claim for negligent misrepresentation.

### 4. Plaintiff Fails To State A Claim For Negligent Misrepresentation Because Representations Of Potential Future Performance Will Not Support A Cause Of Action.

In Plaintiff's First Amended Complaint, Plaintiff alleges that "San Miguel, on behalf of SGR, has represented to Plaintiff on numerous occasions that he had potential buyers with respect to the Commodity onboard the Vessel."  Doc. 14, at ¶147.

"Negligent misrepresentation must relate to a 'statement of existing fact rather than a promise of future conduct.'"  *Stolts v. Wells Fargo Bank, NA*, 31 F. Supp. 3d 876, 882 n.5 (S.D. Tex. 2014) (Hanen, J.) (citing *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App. 2007)).  "A promise to do or refrain from doing an act in the future is not actionable [for

negligent misrepresentation] because it does not concern an existing fact." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731 (E.D. Tex. 2013).

Plaintiff's allegations regarding undetermined, "potential" purchasers are not representations about existing facts and, therefore, will not support a claim for negligent misrepresentation.    Moreover, Plaintiff fails to allege that San Miguel made such representation at the time it entered the MPSA in September 2019.  Instead, Plaintiff alleges that any such representation was made related to voyages occurring in 2020.  Doc. 14 at 147.  Furthermore, Plaintiff fails to allege that any damage resulted from SGR or San Miguel's alleged representations about the existence of "potential buyers."   Because Plaintiff fails to allege a representation regarding an existing fact rather than a promise of a future performance, Plaintiff fails to state a claim for negligent misrepresentation.

**B.    Failure to State a Claim for Tortious Interference with Existing Contract or Prospective Business Relations**

### 1.  The Elements of a Claim for Tortious Interference

To establish tortious interference with a **prospective business relationship**, a plaintiff must prove (i) a reasonable probability that the plaintiff would have entered into a business relationship; (ii) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (iii) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (iv) the plaintiff suffered actual harm or damages as a result of the defendant's interference.

*Corrosion Prevention Techs. LLC v. Hatle*, No. 4:20-CV-2201, 2020 U.S. Dist. LEXIS 196742, at *10-11 (S.D. Tex. 2020) (Hanen, J.) (emphasis added).

To state a claim for tortious interference [**with an existing contract**, a plaintiff] must establish:  "(1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) the act

was a proximate cause of the plaintiff's damage, and (4) actual damage or loss occurred." *Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995). "The second element of this cause of action is of particular importance when the defendant serves the dual roles of the corporate agent and the third party who allegedly induces the corporation's breach." *Id.* at 796. Because a party cannot tortiously interfere with its own contract, [a plaintiff] "must show that the defendant[s] acted in a fashion so contrary to the corporation's best interests that [their] actions could only have been motivated by personal interests." *Id.* Mixed motives will not suffice. *See ACS Inv'rs, Inc. v. McLaughlin*, 943 S.W.2d 426, 432 (Tex. 1997). Moreover, if [the corporate defendant] fails to complain about the individual defendants' actions, they have not acted contrary to [the corporate defendant's] interests. *See Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998).

*Udeigwe v. Tex. Tech Univ.*, 733 F. App'x 788, 793-94 (5th Cir. 2018); *see also ASARCO LLC v. Ams. Mining Corp.*, 382 B.R. 49, 79 n.25 (S.D. Tex. 2007) ("*Holloway* was a case dealing with tortious interference in which the court held that the plaintiff must show that the defendant acted in a fashion '. . . so contrary to the corporation's best interest that his actions could only have been motivated by personal interest.'") (Hanen, J.)

2. **Plaintiff fails to state a claim for tortious interference with existing contracts or prospective business relations because it fails to demonstrate SGR's CEO San Miguel could interfere with SGR's own contract.**

Defendant San Miguel is the CEO of co-defendant SGR. *See* First Amended Complaint [Doc. 14] at ¶12. As a general rule, the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts. *Holloway*, 898 S.W.2d at 795. By definition, a party to a contract cannot tortiously interfere with his or her own contract, and a party to a business relationship cannot tortiously interfere with him or herself. *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 561-62 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000). Only a third party who is an outsider to the business relationship can be liable for

tortious interference. *Mora v. Koy,* No. H-12-3211, 2013 U.S. Dist. LEXIS 73352, at *17-18 (S.D. Tex. 2013).   Furthermore, an agent cannot be held to have acted against the principal's interests unless the principal has objected. *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998) (per curiam).

To survive a motion to dismiss for failure to state a claim for tortious interference with existing or prospective business relations, a plaintiff must "allege facts sufficient to demonstrate that the individual defendants were solely motivated by personal interests with respect to their actions." *Udeigwe*, 733 F. App'x at 794; *see also ASARCO LLC*, 382 B.R. 49, 79 n.25 ("actions could *only have been motivated by personal interest*.") (emphasis added.)   This applies equally to tortious interference with existing contracts or prospective business relations. *Compare Holloway,* 898 S.W.2d at 797 *with Morgan Stanley & Co. v. Tex. Oil Co*., 958 S.W.2d 178, 180 (Tex. 1997).   Stated differently, a plaintiff must allege that self-interest was the defendant's exclusive motivation.

Here, Plaintiff FMS fails to make a single allegation that defendant San Miguel's complained-of actions were self-motivated.   In fact, Plaintiff repeatedly acknowledges his actions were "on behalf of" SGR.   Moreover, Plaintiff makes no allegation that SGR complained or objected to San Miguel's actions.   *See Powell Indus., Inc.*, 985 S.W.2d 455, 457.   Therefore, Plaintiff has failed to allege sufficient facts to withstand a motion to dismiss for failure to state a claim for tortious interference and the Court should grant this motion.

## V.     CONCLUSION

Plaintiff's First Amended Complaint fails to state a claim of negligent misrepresentation against Defendant Thomas San Miguel because it fails to allege

independent tort-based damages and fails to identify any independent, non-contractual duty allegedly owed by SGR to Plaintiff.  Plaintiff further fails to state a claim for tortious interference against San Miguel because it fails to allege San Miguel's actions (while acting as CEO of SGR) were exclusively self-motivated.  Because Plaintiff fails to state a claim for either negligent misrepresentation or tortious interference, Defendant Thomas San Miguel respectfully requests this Court grant his Motion to Dismiss Plaintiff's claims against him and for any further and other such relief to which he may show himself entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, PC**

By: */s/ D. Mitchell McFarland*
    **D. Mitchell McFarland**
    State Bar No. 13597700
    Federal ID No. 2379
    **J. Mark Deaton**
    State Bar No. 24069588
    Federal ID No. 1094927
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Facsimile:  (713) 222-1475
    Email: mmcfarland@munsch.com
    Email: mdeaton@munsch.com

**ATTORNEYS FOR DEFENDANTS SGR ENERGY, INC.**

February 15, 2021
Houston, Texas

## CERTIFICATE OF CONFERENCE

On February 12, 2021, I conferred with Mr. Miles Indest, counsel for Plaintiff, by email regarding the specific defects identified in this Motion.  After an opportunity to

discuss the matter, Mr. Indest stated that Plaintiff was opposed to the Motion and a resolution would not be possible without the Court's assistance.

_/s/ J. Mark Deaton_\
**J. Mark Deaton**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the following counsel of record on February 15, 2021 pursuant to the Federal and Local Rules of Civil Procedure:

Yasser A. Madrid\
Miles O. Indest\
MCGUIREWOODS LLP\
600 Travis Street, Suite 7500\
Houston, Texas 77002

Addison E. Fontein\
MCGUIREWOODS LLP\
2000 McKinney Ave., Suite 1400\
Dallas, Texas 75201

_/s/ D. Mitchell McFarland_\
**D. Mitchell McFarland**

4844-1132-3868v.6 .