IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FCSTONE MERCHANT SERVICES, LLC** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:20-cv-03693 |
| **SGR ENERGY, INC., ST SHIPPING & TRANSPORT PTE LTD, and THOMAS SAN MIGUEL, individually,** | § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SGR ENERGY, INC.'S COUNTERCLAIM AGAINST FCSTONE MERCHANT SERVICES, LLC**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff, FCStone Merchant Services, LLC ("FMS" or "Plaintiff"), files this Answer and Affirmative Defenses to Defendant SGR Energy, Inc.'s Counterclaim (Dkt. No. 50) and, in support thereof, respectfully states as follows:

## I. FMS'S ANSWER TO SGR'S COUNTERCLAIM

**A.   Parties**[1]

212.   FMS admits the allegations contained in this Paragraph.

213.   FMS admits the allegations contained in this Paragraph.

---

[1] FMS incorporates headings for the convenience of the Court. FMS does not admit any allegation made in, or inferences suggested by such headings, and instead, denies them.

B.     **Jurisdiction and Venue**

214.    FMS admits there is complete diversity pursuant to 28 USC § 1332, but lacks knowledge or information sufficient to admit or deny that the amount in controversy exceeds $75,000.00.

215.    FMS admits the allegations contained in this Paragraph.

C.     **Factual Background**

216.    FMS admits the allegations contained in this Paragraph.

217.    FMS admits that SGR and FCStone met in 2019. FMS denies that providing inventory repurchase agreements and transactional commodity finance agreements is one of its lines of business. FMS admits SGR sought financing from FMS. FMS otherwise denies the allegations in this Paragraph.

218.    FMS admits that San Miguel contacted Rob Shenk and that SGR and FMS entered into the MPSA. FMS otherwise denies the allegations in this Paragraph.

a.     **The Mutual Confidentiality Agreement between SGR and FCStone.**

219.    FMS admits it entered into a Mutual Confidentiality Agreement with SGR. FMS admits it provided the first draft of the MCA to SGR for their review, edits, and comment. FMS admits that a true and correct copy of the MCA is attached to SGR's Counterclaim as Exhibit A. FMS asserts that the Agreement speaks for itself and, therefore, otherwise denies the allegations in this Paragraph.

220.    FMS asserts that the MCA speaks for itself and, therefore, denies the allegations in this Paragraph.

221.    FMS admits that it entered into the MPSA with SGR. FMS admits that SGR and FMS had discussions in connection with the MPSA. However, this Paragraph lacks specificity to

allow FMS to otherwise admit or deny the remaining allegations, and on that basis, FMS denies them.

222. Because "MPFS" is not defined, this Paragraph lacks specificity to allow FMS to admit or deny the allegations set forth therein, and on that basis, denies them.

    **b.    Volatile world oil markets due to Covid 19—SGR gets behind**

223. FMS admits the existence of the Covid-19 pandemic. FMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, on that basis, denies them.

224. FMS denies the allegations in this Paragraph.

    **c.    FCStone seeks to destroy SGR by disclosing confidential information to the market.**

225. FMS asserts that the MCA speaks for itself. FMS denies it disclosed confidential information in violation of the MCA. FMS further denies it caused "great damage" to SGR.

226. FMS denies the allegations in this Paragraph.

227. FMS denies the allegations in this Paragraph.

228. FMS denies the allegations in this Paragraph.

229. The allegations set forth in this Paragraph are broad and lack specificity such that FMS cannot prepare a response. Specifically, the phrase "other commodity finance companies" is vague, and thus, FMS lacks adequate information to admit or deny the allegations of this Paragraph. Accordingly, on that basis, FMS denies the allegations in this Paragraph.

230. FMS denies the allegations in this Paragraph.

**D.    Cause of Action – Breach of Contract**

231. FMS denies the allegations in this Paragraph.

232. FMS denies the allegations in this Paragraph.

233. FMS denies that SGR committed to paying all amounts owed to FMS. FMS further denies engaging in any action that prevents SGR from entering into future trade agreements. FMS lacks knowledge or information about Tommy San Miguel sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies them.

234. FMS denies that its actions caused great damage to SGR. FMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies them.

235. FMS denies the allegations in this Paragraph.

236. FMS denies the allegations in this Paragraph.

## II.    AFFIRMATIVE DEFENSES

In further response to SGR's counterclaim, FMS hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against FMS and further fails to state facts sufficient to entitle SGR to the relief sought, or to any other relief whatsoever from FMS.

### SECOND AFFIRMATIVE DEFENSE

All claims against FMS are barred because all information that FMS communicated to any third person regarding SGR, if any, was true and readily available and known to the public.

### THIRD AFFIRMATIVE DEFENSE

FMS is informed and believes, and thereon alleges, that any alleged damages sustained by SGR were proximately caused by the actions of SGR and/or third parties and resulted from SGR's or third parties' own negligence.

## FOURTH AFFIRMATIVE DEFENSE

Any damages which SGR may have suffered, which FMS continues to deny, were the direct and proximate result of the conduct of SGR. Therefore, SGR is estopped and barred from recovery of any such damages.

## FIFTH AFFIRMATIVE DEFENSE

SGR's claims are barred because of its own failure to mitigate its damages it alleges to have incurred.

## SIXTH AFFIRMATIVE DEFENSE

SGR's claims are barred, in whole or in part, because any damages it allegedly incurred were not caused by any purported breach of the subject MCA by FMS.

## SEVENTH AFFIRMATIVE DEFENSE

SGR's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

SGR's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

SGR's claims are barred, in whole or in part, because the alleged acts of FMS, if any, were justified and/or privileged.

## TENTH AFFIRMATIVE DEFENSE

FMS specifically denies that all conditions precedent to SGR's claims for recovery have occurred or been met.

## ELEVENTH AFFIRMATIVE DEFENSE

FMS reserves the right to amend or assert additional affirmative defenses at any such time as warranted by discovery and the factual developments in this case.

## III.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant FCStone Merchant Services, LLC prays that this Court:

(1) order that Defendant/Counter-Plaintiff SGR take nothing by virtue of the Counterclaim and that the Counterclaim be dismissed in its entirety;

(2) award FMS its costs of suit and attorneys' fees herein incurred; and

(3) award FMS all such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated this 2nd day of September, 2021

Respectfully submitted,

*/s/ Yasser A. Madriz*
**Yasser A. Madriz (lead attorney)**
State Bar No. 24037015
Federal Bar No. 39080
ymadriz@mcguirewoods.com
**Miles O. Indest**
State Bar No. 24101952
Federal Bar No. 3070349
mindest@mcguirewoods.com
**MCGUIREWOODS LLP**
600 Travis Street, Suite 7500
Houston, Texas 77002
T: 713-353-6681
F: 832-255-6381

**Addison E. Fontein**
State Bar No. 24109876
Federal Bar No. 3530304
afontein@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Ave., Suite 1400
Dallas, Texas 75201
T: 214-932-6436
F: 469-372-3891

***ATTORNEYS FOR PLAINTIFF,
FCSTONE MERCHANT SERVICES,
LLC***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 2, 2021, a true and correct copy of the foregoing document was served via ECF to:

**D. Mitchell McFarland**
**J. Mark Deaton**
Munsch Hardt Kopf & Harr, PC
700 Milan Street #2700
Houston, Texas 77002
mmcfarland@munsch.com
mdeaton@munsch.com
*Attorneys for Defendants, SGR Energy, Inc.*

**Robert C. Oliver**
**Sharpe & Oliver, LLP**
5535 Memorial Drive, No. F570
Houston, Texas 77007
macknife@macknife.net

**John R. Keough, III (admitted Pro Hac Vice)**
**George Cornell (admitted Pro Hac Vice)**
Clyde & Co. US LLP
405 Lexington Avenue
New York, New York
John.Keough@clydeco.us
George.Cornell@clydeoco.us
*Attorneys for Defendant,*
*ST Shipping & Transport PTE LTD*

                */s/ Yasser A. Madriz*
                **Yasser A. Madriz**