IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FCSTONE MERCHANT SERVICES, LLC** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:20-cv-03693 |
| **SGR ENERGY, INC., ST SHIPPING & TRANSPORT PTE LTD, and THOMAS SAN MIGUEL, individually,** | § § § § § | |
| *Defendants*. | § | |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO ST SHIPPING & TRANSPORT PTE LTD'S COUNTERCLAIM AGAINST FCSTONE MERCHANT SERVICES, LLC

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff, FCStone Merchant Services, LLC ("FMS" or "Plaintiff"), files this Answer and Affirmative Defenses to Defendant ST Shipping & Transport Pte Ltd.'s ("STS") Counterclaim (Dkt. No. 51) and, in support thereof, respectfully states as follows:

### I. FMS'S ANSWER TO STS'S COUNTERCLAIM

**A. Parties**[1]

222. FMS admits the allegations contained in this Paragraph.

223. FMS admits the allegations contained in this Paragraph.

224. FMS admits the allegations contained in this Paragraph.

225. FMS admits the allegations contained in this Paragraph.

---

[1] FMS incorporates headings for the convenience of the Court. FMS does not admit any allegation made in, or inferences suggested by such headings, and instead, denies them.

1

226. FMS admits the allegations contained in this Paragraph.

**B.  Jurisdiction and Venue**

227. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

228. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

229. FMS admits the allegations contained in this Paragraph.

230. FMS admits the allegations contained in this Paragraph.

231. FMS admits the allegations contained in this Paragraph.

**C.  Factual Background**

232. FMS lacks sufficient knowledge or information to admit or deny that the Vessel or STS acted "pursuant to the Voyage Charter", and on that basis, denies that allegation. FMS admits the remaining allegations contained in this Paragraph.

233. FMS admits the allegations contained in this Paragraph.

234. FMS admits the allegations contained in this Paragraph.

235. FMS admits the allegations contained in this Paragraph.

236. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

237. FMS admits that it had notice of the existence of the Voyage Charter between SGR and STS. FMS denies the remaining allegations contained in this Paragraph.

238. FMS admits that the amount to ship the freight payable by SGR was $450,000.00. FMS lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

239. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

240. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

241. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

242. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

243. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

244. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

245. FMS admits the Vessel arrived at Barranquilla Colombia on July 15, 2020. FMS lacks sufficient knowledge to information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

246. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

247. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

248. FMS admits that during the timeframe of July 15, 2020 to November 25, 2020, the Vessel remained near or around Colombian waters with the Cargo. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests, and on that basis, denies the remaining allegations in this Paragraph.

249. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

250. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

251. FMS admits the allegations contained in this Paragraph.

252. FMS admits the allegations contained in this Paragraph.

253. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

254. FMS lacks sufficient knowledge or information to answer on behalf of SGR, and on that basis, denies the allegations contained in this Paragraph.

255. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

256. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

257. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. FMS admits that STS sent a letter by email to FMS. FMS lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

258. FMS lacks sufficient knowledge to answer for or on behalf of SGR, and on that basis, denies the allegations in this Paragraph.

259. FMS admits that it arranged to make a payment under protest to STS in the amount of $2,892,843.75. FMS denies the remaining allegations contained in this Paragraph.

260. FMS denies the allegations contained in this Paragraph.

261. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

262. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

263. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

264. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

265. Plaintiff admits the allegations contained in this Paragraph.

**D.     Cause of Action as to SGR and FMS: Breach of Contract**

266. FMS denies the allegations contained in this Paragraph.

267. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

268. FMS lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

269. FMS admits that the amount to ship the freight payable by SGR was $450,000.00. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

270. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

271. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

272. FMS denies the allegations contained in this Paragraph.

273. FMS lacks sufficient knowledge to answer collectively for the Cargo Interests. To the extent this Paragraph contains allegations as to FMS, FMS denies those allegations.

274. FMS denies the allegations contained in this Paragraph.

275. FMS admits that the amount to ship the freight payable by SGR was $450,000.00. FMS lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

276. FMS admits that it made payment under protest to STS in the amount of $2,892,843.75, which STS is required to refund to FMS, and FMS is entitled to recover. FMS denies the remaining allegations contained in this Paragraph.

277. FMS admits that it made payment under protest to STS in the amount of $2,892,843.75, which STS is required to refund to FMS. FMS lacks sufficient information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

278. FMS lacks sufficient information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

279. FMS lacks sufficient information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

280. FMS lacks sufficient information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

281. FMS admits that it seeks recovery of amounts from STS. FMS lacks sufficient information to admit or deny the remaining allegations contained in this Paragraph, and on that basis, denies them.

282. FMS lacks sufficient information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

283. FMS lacks sufficient information to admit or deny the allegations contained in this Paragraph, and on that basis, denies them.

## II. AFFIRMATIVE DEFENSES

In further response to STS's counterclaim, FMS hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against FMS and further fails to state facts sufficient to entitle STS to the relief sought, or to any other relief whatsoever from FMS.

### SECOND AFFIRMATIVE DEFENSE

STS's assertions that: (1) the Court lacks personal jurisdiction; and (2) FMS failed to state a claim upon which relief can be granted is improper and should be struck given this Court's express finding to the contrary. *See* Dkt. No. 48.

### THIRD AFFIRMATIVE DEFENSE

FMS is informed and believes, and thereon alleges, that any alleged damages sustained by STS were proximately caused by the actions of STS and/or third parties and resulted from STS's or third parties' own negligence.

### FOURTH AFFIRMATIVE DEFENSE

Any damage which STS may have suffered, which FMS continues to deny, were the direct and proximate result of the conduct of STS. Therefore, STS is estopped and barred from recovery of any such damages.

### FIFTH AFFIRMATIVE DEFENSE

STS's claims are barred because of its own failure to mitigate its damages it alleges to

7

have incurred.

## SIXTH AFFIRMATIVE DEFENSE

STS's claims are barred, in whole or in part, because any damages it allegedly incurred were not caused by any purported breach of the Voyage Charter by FMS, who is not a signatory.

## SEVENTH AFFIRMATIVE DEFENSE

STS's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

STS's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

STS's claims are barred, in whole or in part, because any alleged acts of FMS were justified or privileged.

## TENTH AFFIRMATIVE DEFENSE

FMS specifically denies that all conditions precedent to STS's claims for recovery have occurred or been met.

## ELEVENTH AFFIRMATIVE DEFENSE

STS's claims are barred, in whole or in part, because STS did not provide sufficient notice of or opportunity to cure its alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

FMS reserves the right to amend or assert additional affirmative defenses at any such time as warranted by discovery and the factual developments in this case.

### III.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant FCStone Merchant Services, LLC prays that this Court:

(1) order that Defendant/Counter-Plaintiff STS take nothing by virtue of the Counterclaim and that the Counterclaim be dismissed in its entirety;

(2) award FMS its costs of suit and attorneys' fees herein incurred; and

(3) award FMS all such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated this 2nd day of September, 2021                Respectfully submitted,

*/s/ Yasser A. Madriz*
**Yasser A. Madriz (lead attorney)**
State Bar No. 24037015
Federal Bar No. 39080
ymadriz@mcguirewoods.com
**Miles O. Indest**
State Bar No. 24101952
Federal Bar No. 3070349
mindest@mcguirewoods.com
**MCGUIREWOODS LLP**
600 Travis Street, Suite 7500
Houston, Texas 77002
T: 713-353-6681
F: 832-255-6381

**Addison E. Fontein**
State Bar No. 24109876
Federal Bar No. 3530304
afontein@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Ave., Suite 1400
Dallas, Texas 75201
T: 214-932-6436
F: 469-372-3891

***ATTORNEYS FOR PLAINTIFF,
FCSTONE MERCHANT SERVICES,
LLC***

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 2, 2021, a true and correct copy of the foregoing document was served via ECF to:

**D. Mitchell McFarland**
**J. Mark Deaton**
Munsch Hardt Kopf & Harr, PC
700 Milan Street #2700
Houston, Texas 77002
mmcfarland@munsch.com
mdeaton@munsch.com
*Attorneys for Defendants, SGR Energy, Inc.*

**Robert C. Oliver**
**Sharpe & Oliver, LLP**
5535 Memorial Drive, No. F570
Houston, Texas 77007
macknife@macknife.net

**John R. Keough, III (admitted Pro Hac Vice)**
**George Cornell (admitted Pro Hac Vice)**
Clyde & Co. US LLP
405 Lexington Avenue
New York, New York
John.Keough@clydeco.us
George.Cornell@clydeoco.us
*Attorneys for Defendant,*
*ST Shipping & Transport PTE LTD*

                                              */s/ Yasser A. Madriz*
                                              **Yasser A. Madriz**