IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FCSTONE MERCHANT SERVICES, LLC | § | |
| | § | |
| | § | |
| *vs*. | § | C.A. NO. 4:20–cv–03693 |
| | § | |
| SGR ENERGY, INC., *et al*. | § | |

*ST SHIPPING & TRANSPORT PTE LTD'S AMENDED ANSWER TO FCSTONE MERCHANT SERVICES, LLC'S SECOND AMENDED COMPLAINT, COUNTERCLAIM AGAINST FCSTONE MERCHANT SERVICES AND CROSSCLAIM AGAINST SGR ENERGY, INC.*

*AMENDED ANSWER*

TO THE HONORABLE JUDGE ANDREW S. HANEN

Defendant ST Shipping & Transport Pte Ltd. ("ST Shipping") respectfully submits this Original Answer to the Second Amended Complaint (the "Complaint") (Dkt. No. 49) of Plaintiff FCStone Merchant Services, LLC ("FMS" or "Plaintiff"), asserts the following alternative defenses and denials, and respectfully will show:

Subject to the following defenses, ST Shipping respectively responds to the Complaint's numbered paragraphs as follows:

1.    ST Shipping denies the allegations in Paragraph 1, except ST Shipping denies the allegations in Paragraph 1 for want of sufficient knowledge or information

to form a belief to their truth to the extent that they concern SGR Energy, Inc. ("SGR") or Thomas San Miguel ("San Miguel").

2.  ST Shipping denies the allegations in Paragraph 2 for want of sufficient knowledge or information to form a belief to their truth.

3.  ST Shipping admits the allegations in Paragraph 3.

4.  ST Shipping admits the allegations in Paragraph 4.

5.  ST Shipping denies the allegations in Paragraph 5, except ST Shipping admits that ST Shipping is a wholly–owned subsidiary of Glencore International AG, a multinational commodity trading company, headquartered in Baar, Switzerland.

6.  ST Shipping denies the allegations in Paragraph 6 for want of sufficient knowledge or information to form a belief to their truth, except ST Shipping admits that San Miguel has appeared in this lawsuit.

7.  ST Shipping denies the allegations in Paragraph 7 for want of sufficient knowledge or information to form a belief to their truth, except ST Shipping admits that Defendants are citizens of Texas and Singapore.

8.  ST Shipping denies the allegations in Paragraph 8.

9.  ST Shipping denies the allegations in Paragraph 9 for want of sufficient knowledge or information to form a belief to their truth.

10.  ST Shipping denies the allegations in Paragraph 10 for want of sufficient knowledge or information to form a belief to their truth, except ST Shipping admits that SGR is a trading company for petroleum commodities.

11.    ST Shipping denies the allegations in Paragraph 11, except that ST Shipping admits that it is an ocean transport company.

12.    ST Shipping denies the allegations in Paragraph 12 for want of sufficient knowledge or information to form a belief to their truth.

13.    ST Shipping denies the allegations in Paragraph 13 for want of sufficient knowledge or information to form a belief to their truth.

14.    ST Shipping denies the allegations in Paragraph 14 for want of sufficient knowledge or information to form a belief to their truth.

15.    ST Shipping denies the allegations in Paragraph 15 for want of sufficient knowledge or information to form a belief to their truth.

16.    ST Shipping denies the allegations in Paragraph 16 for want of sufficient knowledge or information to form a belief to their truth.

17.    ST Shipping denies the allegations in Paragraph 17 for want of sufficient knowledge or information to form a belief to their truth.

18.    ST Shipping denies the allegations in Paragraph 18 for want of sufficient knowledge or information to form a belief to their truth.

19.    ST Shipping denies the allegations in Paragraph 19 for want of sufficient knowledge or information to form a belief to their truth.

20.    ST Shipping denies the allegations in Paragraph 20 of the Complaint, except ST Shipping admits that the First and Second Voyages originated in Texas.

21.     ST Shipping denies the allegations in Paragraph 21, except ST Shipping admits that ST Shipping contracted with SGR.

22.     ST Shipping denies the allegations in Paragraph 22 for want of sufficient knowledge or information to form a belief to their truth.

23.     ST Shipping denies the allegations in Paragraph 23.

24.     ST Shipping denies the allegations in Paragraph 24.

25.     ST Shipping denies the allegations in Paragraph 25 for want of sufficient knowledge or information to form a belief to their truth.

26.     ST Shipping denies the allegations in Paragraph 26 for want of sufficient knowledge or information to form a belief to their truth.

27.     ST Shipping denies the allegations in Paragraph 27 for want of sufficient knowledge or information to form a belief to their truth.

28.     ST Shipping denies the allegations in Paragraph 28 for want of sufficient knowledge or information to form a belief to their truth.

29.     ST Shipping denies the allegations in Paragraph 29, except ST Shipping admits that the Vessel, operated by ST Shipping discharged a cargo described by shippers as crude oil at Barranquilla, Colombia on June 15, 2020.

30.     ST Shipping denies the allegations in Paragraph 30 for want of sufficient knowledge or information to form a belief to their truth.

31.     ST Shipping denies the allegations in Paragraph 31 for want of sufficient knowledge or information to form a belief to their truth.

4

32.     ST Shipping denies the allegations in Paragraph 32 for want of sufficient knowledge or information to form a belief to their truth.

33.     ST Shipping denies the allegations in Paragraph 33 for want of sufficient knowledge or information to form a belief to their truth.

34.     ST Shipping denies the allegations in Paragraph 34 for want of sufficient knowledge or information to form a belief to their truth.

35.     ST Shipping denies the allegations in Paragraph 35 for want of sufficient knowledge or information to form a belief to their truth.

36.     ST Shipping denies the allegations in Paragraph 36 for want of sufficient knowledge or information to form a belief to their truth.

37.     ST Shipping denies the allegations in Paragraph 37 for want of sufficient knowledge or information to form a belief to their truth.

38.     ST Shipping denies the allegations in Paragraph 38 for want of sufficient knowledge or information to form a belief to their truth, except that ST Shipping admits that ST Shipping served as the commercial operator for the Vessel for a voyage from Point Comfort, Texas to Barranquilla, Colombia.

39.     ST Shipping denies the allegations in Paragraph 39, except ST Shipping admits that on or about July 10, 2020, the Vessel – operated by ST Shipping – departed Point Comfort, Texas for Barranquilla, Colombia.

40.     ST Shipping denies the allegations of Paragraph 40, except ST Shipping admits that the Vessel arrived at the Port of Barranquilla, Colombia on July 15, 2020.

41.     ST Shipping denies the allegations in Paragraph 41.

42.     ST Shipping denies the allegations in Paragraph 42.

43.     ST Shipping denies the allegations in Paragraph 43.

44.     ST Shipping denies the allegations in Paragraph 44.

45.     ST Shipping admits the allegations in Paragraph 45.

46.     ST Shipping denies the allegations in Paragraph 46.

47.     ST Shipping denies the allegations in Paragraph 47 for want of sufficient knowledge or information to form a belief to their truth, except that ST Shipping denies each and every allegation in the last sentence of Paragraph 47.

48.     ST Shipping denies the allegations in Paragraph 48 for want of sufficient knowledge or information to form a belief to their truth.

49.     ST Shipping denies the allegations in Paragraph 49 for want of sufficient knowledge or information to form a belief to their truth.

50.     ST Shipping denies the allegations in Paragraph 50 for want of sufficient knowledge or information to form a belief to their truth.

51.     ST Shipping denies the allegations in Paragraph 51 for want of sufficient knowledge or information to form a belief to their truth.

52.     ST Shipping denies the allegations in Paragraph 52 for want of sufficient knowledge or information to form a belief to their truth.

53.     ST Shipping denies the allegations in Paragraph 53 for want of sufficient knowledge or information to form a belief to their truth.

54.     ST Shipping denies the allegations in Paragraph 54 for want of sufficient knowledge or information to form a belief to their truth, except that ST Shipping admits that SGR failed to pay all Charter costs and demurrage fees incurred.

55.     ST Shipping denies the allegations in Paragraph 55 for want of sufficient knowledge or information to form a belief to their truth.

56.     ST Shipping denies the allegations in Paragraph 56 for want of sufficient knowledge or information to form a belief to their truth.

57.     ST Shipping denies the allegations in Paragraph 57 for want of sufficient knowledge or information to form a belief to their truth.

58.     ST Shipping denies the allegations in Paragraph 58 for want of sufficient knowledge or information to form a belief to their truth.

59.     ST Shipping denies the allegations in Paragraph 59.

60.     ST Shipping denies the allegations in Paragraph 60.

61.     ST Shipping denies the allegations in Paragraph 61, except that ST Shipping admits that the market for crude oil is subject to volatility.

62.     ST Shipping denies the allegations in Paragraph 62 for want of sufficient knowledge or information to form a belief to their truth, except that ST Shipping admits that Plaintiff sought to test the cargo on the Vessel prior to unloading.

63.     ST Shipping denies the allegations in Paragraph 63, except that ST Shipping admits that Plaintiff requested access to test the cargo on the Vessel.

64.     ST Shipping denies the allegations in Paragraph 64.

65.    ST Shipping denies the allegations in Paragraph 65, except that ST Shipping admits that it sought SGR approval of the Vessel shifting for sampling pursuant to the charter.

66.    ST Shipping denies the allegations in Paragraph 66.

67.    ST Shipping admits the allegations in Paragraph 67.

68.    ST Shipping denies the allegations in Paragraph 68.

69.    ST Shipping denies the allegations in Paragraph 69.

70.    ST Shipping denies the allegations in Paragraph 70.

71.    ST Shipping denies the allegations in Paragraph 71 for want of sufficient knowledge or information to form a belief to their truth.

72.    ST Shipping denies the allegations in Paragraph 72.

73.    ST Shipping denies the allegations in Paragraph 73 for want of sufficient knowledge or information to form a belief to their truth, except that ST Shipping admits that Plaintiff's counsel communicated with Counsel for ST Shipping on November 4, 2020.

74.    ST Shipping denies the allegations in Paragraph 74, except ST Shipping admits that it engaged in discussions to explore the possibility of unloading the cargo on the Vessel.

75.    ST Shipping denies the allegations in Paragraph 75, except ST Shipping admits that on November 18, 2020, the local Port Authority in Colombia notified ST

Shipping that the Vessel had exceeded its lawful time in Colombian territorial waters, and that the Vessel must promptly depart for international waters.

76.    ST Shipping denies the allegations in Paragraph 76.

77.    ST Shipping denies the allegations in Paragraph 77.

78.    ST Shipping denies the allegations in Paragraph 78 for want of sufficient knowledge or information to form a belief to their truth, except that ST Shipping admits that on November 20, 2020, Plaintiff extended an offer to resolve issues between Plaintiff and ST Shipping.

79.    ST Shipping denies the allegations in Paragraph 79, except ST Shipping admits that it rejected Plaintiff's offer of November 20, 2020 on November 23, 2020.

80.    ST Shipping denies the allegations in Paragraph 80.

81.    ST Shipping denies the allegations in Paragraph 81, except ST Shipping admits that on November 23, 2020, Plaintiff's counsel requested an invoice as well as wire instructions.

82.    ST Shipping denies the allegations in Paragraph 82, except ST Shipping admits that ST Shipping's counsel stated that Plaintiff "knows the freight and demurrage amounts due . . . ."

83.    ST Shipping denies the allegations in Paragraph 83, except ST Shipping admits that Plaintiff advised that if it knew the amount due, it would not be requesting it.

84.     ST Shipping denies the allegations in Paragraph 84, except ST Shipping admits that at approximately 7:44 p.m. on November 23, 2020, Plaintiff received invoices from ST Shipping.

85.     ST Shipping denies the allegations in Paragraph 85.

86.     ST Shipping denies the allegations in Paragraph 86.

87.     ST Shipping denies the allegations in Paragraph 87.

88.     ST Shipping denies the allegations in Paragraph 88, except ST Shipping admits that Plaintiff received a copy of ST Shipping's W–8 form at 4:34 p.m. on November 24, 2020.

89.     ST Shipping denies the allegations in Paragraph 89, except ST Shipping admits that on November 25, 2020, ST Shipping received via wire the amount of $2,892,843.75.

90.     ST Shipping denies the allegations in Paragraph 90.

91.     ST Shipping denies the allegations in Paragraph 91.

92.     ST Shipping denies the allegations in Paragraph 92.

93.     ST Shipping denies the allegations in Paragraph 93.

94.     ST Shipping denies the allegations in Paragraph 94 for want of sufficient knowledge or information to form a belief to their truth.

95.     ST Shipping denies the allegations in Paragraph 95 for want of sufficient knowledge or information to form a belief to their truth.

96.     ST Shipping denies the allegations in Paragraph 96 for want of sufficient knowledge or information to form a belief to their truth.

97.     ST Shipping denies the allegations in Paragraph 97 for want of sufficient knowledge or information to form a belief to their truth.

98.     ST Shipping denies the allegations in Paragraph 98 for want of sufficient knowledge or information to form a belief to their truth.

99.     ST Shipping denies the allegations in Paragraph 99 for want of sufficient knowledge or information to form a belief to their truth.

100.    ST Shipping denies the allegations in Paragraph 100 for want of sufficient knowledge or information to form a belief to their truth.

101.    ST Shipping denies the allegations in Paragraph 101 for want of sufficient knowledge or information to form a belief to their truth.

102.    ST Shipping denies the allegations in Paragraph 102 for want of sufficient knowledge or information to form a belief to their truth.

103.    ST Shipping denies the allegations in Paragraph 103 for want of sufficient knowledge or information to form a belief to their truth.

104.    ST Shipping denies the allegations in Paragraph 104 for want of sufficient knowledge or information to form a belief to their truth.

105.    ST Shipping denies the allegations in Paragraph 105 for want of sufficient knowledge or information to form a belief to their truth.

106.   ST Shipping denies the allegations in Paragraph 106 for want of sufficient knowledge or information to form a belief to their truth.

107.   ST Shipping denies the allegations in Paragraph 107 for want of sufficient knowledge or information to form a belief to their truth.

108.   ST Shipping denies the allegations in Paragraph 108 for want of sufficient knowledge or information to form a belief to their truth.

109.   ST Shipping denies the allegations in Paragraph 109 for want of sufficient knowledge or information to form a belief to their truth.

110.   ST Shipping denies the allegations in Paragraph 110 for want of sufficient knowledge or information to form a belief to their truth.

111.   ST Shipping denies the allegations in Paragraph 111 for want of sufficient knowledge or information to form a belief to their truth.

112.   ST Shipping denies the allegations in Paragraph 112 for want of sufficient knowledge or information to form a belief to their truth.

113.   ST Shipping denies the allegations in Paragraph 113 for want of sufficient knowledge or information to form a belief to their truth.

114.   ST Shipping denies the allegations in Paragraph 114 for want of sufficient knowledge or information to form a belief to their truth.

115.   ST Shipping denies the allegations in Paragraph 115 for want of sufficient knowledge or information to form a belief to their truth.

116.    ST Shipping denies the allegations in Paragraph 116 for want of sufficient knowledge or information to form a belief to their truth.

117.    ST Shipping denies the allegations in Paragraph 117 for want of sufficient knowledge or information to form a belief to their truth.

118.    ST Shipping denies the allegations in Paragraph 118 for want of sufficient knowledge or information to form a belief to their truth.

119.    ST Shipping denies the allegations in Paragraph 119 for want of sufficient knowledge or information to form a belief to their truth.

120.    ST Shipping denies the allegations in Paragraph 120 for want of sufficient knowledge or information to form a belief to their truth.

121.    ST Shipping denies the allegations in Paragraph 121 for want of sufficient knowledge or information to form a belief to their truth.

122.    ST Shipping denies the allegations in Paragraph 122 for want of sufficient knowledge or information to form a belief to their truth.

123.    ST Shipping denies the allegations in Paragraph 123 for want of sufficient knowledge or information to form a belief to their truth.

124.    ST Shipping denies the allegations in Paragraph 124 for want of sufficient knowledge or information to form a belief to their truth.

125.    ST Shipping denies the allegations in Paragraph 125 for want of sufficient knowledge or information to form a belief to their truth.

126.    ST Shipping denies the allegations in Paragraph 126 for want of sufficient knowledge or information to form a belief to their truth.

127.    ST Shipping denies the allegations in Paragraph 127 for want of sufficient knowledge or information to form a belief to their truth.

128.    ST Shipping denies the allegations in Paragraph 128 for want of sufficient knowledge or information to form a belief to their truth.

129.    ST Shipping denies the allegations in Paragraph 129 for want of sufficient knowledge or information to form a belief to their truth.

130.    ST Shipping denies the allegations in Paragraph 130 for want of sufficient knowledge or information to form a belief to their truth.

131.    ST Shipping denies the allegations in Paragraph 131 for want of sufficient knowledge or information to form a belief to their truth.

132.    ST Shipping denies the allegations in Paragraph 132 for want of sufficient knowledge or information to form a belief to their truth.

133.    ST Shipping denies the allegations in Paragraph 133 for want of sufficient knowledge or information to form a belief to their truth.

134.    ST Shipping denies the allegations in Paragraph 134 for want of sufficient knowledge or information to form a belief to their truth.

135.    ST Shipping denies the allegations in Paragraph 135 for want of sufficient knowledge or information to form a belief to their truth.

136.    ST Shipping denies the allegations in Paragraph 136 for want of sufficient knowledge or information to form a belief to their truth.

137.    ST Shipping denies the allegations in Paragraph 137 for want of sufficient knowledge or information to form a belief to their truth.

138.    ST Shipping denies the allegations in Paragraph 138 for want of sufficient knowledge or information to form a belief to their truth.

139.    ST Shipping denies the allegations in Paragraph 139 for want of sufficient knowledge or information to form a belief to their truth.

140.    ST Shipping denies the allegations in Paragraph 140 for want of sufficient knowledge or information to form a belief to their truth.

141.    ST Shipping denies the allegations in Paragraph 141 for want of sufficient knowledge or information to form a belief to their truth.

142.    ST Shipping denies the allegations in Paragraph 142 for want of sufficient knowledge or information to form a belief to their truth.

143.    ST Shipping denies the allegations in Paragraph 143 for want of sufficient knowledge or information to form a belief to their truth.

144.    ST Shipping denies the allegations in Paragraph 144 for want of sufficient knowledge or information to form a belief to their truth.

145.    ST Shipping denies the allegations in Paragraph 145 for want of sufficient knowledge or information to form a belief to their truth.

146.    ST Shipping denies the allegations in Paragraph 146 for want of sufficient knowledge or information to form a belief to their truth.

147.    ST Shipping denies the allegations in Paragraph 147 for want of sufficient knowledge or information to form a belief to their truth.

148.    ST Shipping denies the allegations in Paragraph 148 for want of sufficient knowledge or information to form a belief to their truth.

149.    In response to the allegations in Paragraph 149, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 148 herein with the same force and effect as if set forth at length.

150.    The allegations of Paragraph 150 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 150, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

151.    The allegations of Paragraph 151 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 151, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

152.    The allegations of Paragraph 152 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may

be required to Paragraph 152, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

153.   In response to the allegations in Paragraph 153, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 152 herein with the same force and effect as if set forth at length.

154.   The allegations of Paragraph 154 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 154, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

155.   The allegations of Paragraph 155 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 155, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

156.   In response to the allegations in Paragraph 156, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 155 herein with the same force and effect as if set forth at length.

157.   The allegations of Paragraph 157 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may

be required to Paragraph 157, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

158.   The allegations of Paragraph 158 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 158, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

159.   The allegations of Paragraph 159 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 159, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

160.   The allegations of Paragraph 160 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 160, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

161.   The allegations of Paragraph 161 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 161, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

162.   The allegations of Paragraph 162 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may

be required to Paragraph 162, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

163.   The allegations of Paragraph 163 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 163, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

164.   The allegations of Paragraph 164 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 164, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

165.   The allegations of Paragraph 165 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 165, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

166.   The allegations of Paragraph 166 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may be required to Paragraph 166, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

167.   The allegations of Paragraph 167 do not relate to ST Shipping, and therefore do not require a response by ST Shipping.  To the extent that a response may

be required to Paragraph 167, ST Shipping denies the allegations for want of sufficient knowledge or information to form a belief to their truth.

168.   In response to the allegations in Paragraph 168, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 167 herein with the same force and effect as if set forth at length.

169.   ST Shipping denies the allegations in Paragraph 169.

170.   ST Shipping denies the allegations in Paragraph 170.

171.   ST Shipping denies the allegations in Paragraph 171.

172.   ST Shipping denies the allegations in Paragraph 172.

173.   ST Shipping denies the allegations in Paragraph 173.

174.   In response to the allegations in Paragraph 174, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 173 herein with the same force and effect as if set forth at length.

175.   ST Shipping denies the allegations in Paragraph 175, except that ST Shipping admits that ST Shipping transported a cargo described by the shippers as crude oil onboard the Vessel from Texas.

176.   ST Shipping denies the allegations in Paragraph 176.

177.   ST Shipping denies the allegations in Paragraph 177.

178.   ST Shipping denies the allegations in Paragraph 178.

179.    ST Shipping denies the allegations in Paragraph 179.

180.    In response to the allegations in Paragraph 180, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 179 herein with the same force and effect as if set forth at length.

181.    ST Shipping denies the allegations in Paragraph 181, except that ST Shipping admits that ST Shipping transported a cargo described by the shippers as crude oil onboard the Vessel from Texas.

182.    ST Shipping denies the allegations in Paragraph 182.

183.    ST Shipping denies the allegations in Paragraph 183.

184.    ST Shipping denies the allegations in Paragraph 184, except that ST Shipping admits that it received a payment of $2,892,843.75.

185.    ST Shipping denies the allegations in Paragraph 185.

186.    ST Shipping denies the allegations in Paragraph 186.

187.    In response to the allegations in Paragraph 187, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 186 herein with the same force and effect as if set forth at length.

188.    ST Shipping denies the allegations in Paragraph 188, except that ST Shipping admits that ST Shipping transported a cargo described by the shippers as crude oil onboard the Vessel from Texas.

189.   ST Shipping denies the allegations in Paragraph 189, except that ST Shipping admits that it made representations related to the amount of demurrage fees and charter costs incurred and owing.

190.   ST Shipping denies the allegations in Paragraph 190.

191.   ST Shipping denies the allegations in Paragraph 191.

192.   ST Shipping denies the allegations in Paragraph 192.

193.   ST Shipping denies the allegations in Paragraph 193.

194.   ST Shipping denies the allegations in Paragraph 194.

195.   In response to the allegations in Paragraph 195, ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in Paragraphs 1 through 194 herein with the same force and effect as if set forth at length.

196.   The allegations of Paragraph 196 constitute legal conclusions to which no response by ST Shipping is required.

197.   The allegations of Paragraph 197 constitute legal conclusions to which no response by ST Shipping is required.

198.   The allegations of Paragraph 198 constitute legal conclusions to which no response by ST Shipping is required.

199.   The allegations of Paragraph 199 constitute legal conclusions to which no response by ST Shipping is required.  To the extent a response to Paragraph 199 may be required, ST Shipping denies the allegations, except that to the extent the allegations

relate to SGR, ST Shipping denies such allegations for want of sufficient knowledge or information to form a belief to their truth.

200.    ST Shipping denies the allegations in Paragraph 200.

201.    ST Shipping denies the allegations in Paragraph 201 for want of sufficient knowledge or information to form a belief to their truth.

202.    ST Shipping denies the allegations in Paragraph 202, except ST Shipping admits that ST Shipping may demand further fees from Plaintiff or SGR.

203.    The allegations of Paragraph 203 constitute a prayer for relief to which no response by ST Shipping is required.  To the extent that a response may be required, ST Shipping denies the allegations of Paragraph 203.

204.    The allegations of Paragraph 204 constitute legal conclusions to which no response by ST Shipping is required.  To the extent that a response may be required, ST Shipping denies the allegations of Paragraph 204.

205.    ST Shipping denies the allegations in Paragraph 205.

206.    ST Shipping denies the allegations in the Prayer and denies that Plaintiff is entitled to any of the relief or remedies sought in the Prayer.

### FURTHER ANSWERING THE SECOND AMENDED COMPLAINT, AND FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, ST SHIPPING & TRANSPORT PTE LTD ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

207.   ST Shipping repeats and realleges each and every admission, denial and denial of knowledge or information set forth in Paragraphs 1 to 206 herein with the same force and effect as if repeated at length.

### First Affirmative Defense

208.   The Court lacks personal jurisdiction over ST Shipping.

### Second Affirmative Defense

209.   Plaintiff is not the real party in interest.

### Third Affirmative Defense

210.   If Plaintiff suffered any loss as alleged, such loss was caused and/or brought about in whole or in part by Plaintiff's own negligence, breach of duty and/or breach of contract, and/or by the breach of duty and/or contract by others for whose negligence and/or breach of duty and/or contract ST Shipping is not liable.

### Fourth Affirmative Defense

211.   Plaintiff has failed to join all necessary and indispensable parties.

### Fifth Affirmative Defense

212.   Plaintiff has failed to mitigate its alleged damages and any recovery by Plaintiff should be reduced by an appropriate amount.

24

### Sixth Affirmative Defense

213.   If the damages alleged by Plaintiff in the Second Amended Complaint were caused or contributed to, in whole or in part, by any fault, neglect, assumption of risk or want of care on the part of Plaintiff then, and in such an event, any recovery and/or right of recovery herein by Plaintiff, which recovery and/or right of recovery are/is specifically denied, should be mitigated or lessened in such proportions as any fault on the part of Plaintiff may have contributed to the totality of the causation of its alleged damages.

### Seventh Affirmative Defense

214.    The rights and obligations of the parties are governed by the valid terms and conditions of one or more contracts, including but not limited to the applicable Bills of Lading dated July 9, 2020, and all limitations and/or exclusions of liability therein.

### Eighth Affirmative Defense

215.   The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Ninth Affirmative Defense

216.    This district constitutes an inconvenient forum, and the action should be transferred pursuant to 28 U.S.C. § 1404(a) or dismissed under the doctrine of *forum non conveniens*.

### *Tenth Affirmative Defense*

217.    Plaintiff's claims, if any, are barred in whole or in part by the doctrine of estoppel.

### *Eleventh Affirmative Defense*

218.    Plaintiff's claims, if any, are barred, in whole or in part, by the doctrine of unclean hands.

### *Twelfth Affirmative Defense*

219.    Under Fed.R.Civ.P. 9(c), Plaintiff has not performed all conditions precedent to bring the Second Amended Complaint.  Specifically, Plaintiff never demanded return or possession of the allegedly converted cargo, or return of funds allegedly paid by Plaintiff for freight and demurrage.

### *Thirteenth Affirmative Defense*

220.    Plaintiff has waived any right of recovery from ST Shipping.

### *Fourteenth Affirmative Defense*

221.    Service of process upon ST Shipping was insufficient and improper.

WHEREFORE,   PREMISES   CONSIDERED,   Defendant   ST   Shipping respectfully asks the Court to dismiss with prejudice the Second Amended Complaint (Dkt. No. 49) filed by Plaintiff.  Alternatively, Defendant ST Shipping respectfully asks that the Court grant it judgment, including its costs and attorney fees, ordering that

Plaintiff take nothing and that Defendant ST Shipping receive all other relief to which it justly and equitably is entitled.

## *AMENDED COUNTERCLAIM AGAINST FC STONE MERCHANT SERVICES, LLC  AND AMENDED CROSSCLAIM AGAINST SGR ENERGY, INC.*

ST Shipping respectfully submits this Amended Counterclaim against FCStone Merchant Services, LLC ("FMS" or "Plaintiff"), and Crossclaim against SGR Energy, Inc. ("SGR"), and respectfully will prove by a preponderance of the credible evidence:

### *Parties*

222.   Upon information and belief, at all relevant times, FMS was and is a limited liability company existing under the laws of the State of Delaware with its principal place of business in Kansas City, Missouri.

223.   Upon information and belief, at all relevant times, SGR was and is a Texas corporation with its principal place of business at 3707 Cypress Creek Parkway, Suite 500, Houston, Texas, 77068.

224.   At all relevant times, SGR was the voyage charterer of the motor tanker vessel MISS CLAUDIA (IMO No. 9293959) (the "Vessel").

225.   At all relevant times, ST Shipping was and is a private company limited by shares, organized and existing under the laws of Singapore, with a registered office and principal place of business at 1 Temasek Avenue, #34–01 Millenia Tower, Singapore 039132.

226.   At all relevant times, ST Shipping was the time charterer and disponent owner of the Vessel.

### Jurisdiction and Venue

227.   This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1), and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

228.   This Court has admiralty jurisdiction since ST Shipping's Amended Counterclaim and Amended Crossclaim for breach of contract asserted herein each arise from the breach of a maritime contract for the carriage of goods by sea.

229.   This Court has personal jurisdiction over SGR because SGR is a Texas corporation with its principal place of business in this district, and SGR has submitted to the jurisdiction of this Court by asserting a counterclaim in this action.

230.   This Court has personal jurisdiction over FMS because FMS has submitted to the jurisdiction of this Court by commencing this action.

231.   Venue is proper under 28 U.S.C. § 1391(b)(1) because: (a) SGR resides in this district by virtue of being incorporated and maintaining its principal place of business in this district, and SGR has also submitted to the jurisdiction of this Court by asserting a counterclaim against FMS in the captioned action; and, (b) FMS has submitted to the personal jurisdiction of this Court by bringing the captioned action in this District.

## *Factual Background*

232.   Pursuant to a voyage charter dated June 25, 2020 between ST Shipping and SGR (the "Voyage Charter"), ST Shipping chartered the Vessel to SGR, as voyage charterer, for a voyage to carry crude oil from Point Comfort, Texas to the discharge port of Barranquilla, Colombia.

233.   From July 3, 2020 to July 9, 2020 and pursuant to the Voyage Charter, the Vessel loaded a cargo of approximately 160,395 barrels of crude oil (the "Cargo") at Point Comfort, Texas, denoted by three bills of lading issued July 9, 2020, numbered 1C, 2C, and 3C (the "Bills of Lading").

234.   Each of the Bills of Lading identify FMS as the "Shipper" of the Cargo.

235.   Upon information and belief, FMS was at all relevant times the holder of the Bills of Lading and owner of the Cargo.

236.   Each of the Bills of Lading incorporates the terms and conditions of the Voyage Charter.

237.   Upon information and belief, FMS had actual and constructive notice of the terms of the Voyage Charter.

238.   Under the terms of the Voyage Charter, ST Shipping was entitled to payment of freight for performing the voyage in the amount of US $450,000.00, as well as payment of any accrued demurrage, prior to discharging the Cargo at the discharge port.

239.   The Voyage Charter further provided that ST Shipping had a lien upon the Cargo for all freight, deadfreight, demurrage and the costs of recovery thereof.

240.   The Voyage Charter provided for 84 hours of total laytime in which to conduct cargo loading and discharging operations.

241.   Under the Voyage Charter, laytime (or if the Vessel was on demurrage, demurrage) would, at each loading and each discharge port, begin to run from the expiration of 6 hours after the Vessel provided its notice of readiness to load or discharge cargo.

242.   Under the Voyage Charter, laytime (or if the Vessel was already on demurrage, demurrage) would continue to run until the completion of loading or discharge operations at the loading and discharge ports, respectively.

243.   Under the Voyage Charter, upon the expiration of the allowed laytime, ST Shipping would be entitled to payment for demurrage at a rate of US $17,750.00 per day and pro rata for each partial day until completion of loading or discharging at the loading and discharge ports, respectively.

244.   The loading operations at Point Comfort, Texas spanned 164 hours and 5 minutes after laytime commenced.  SGR and FMS (collectively, the "Cargo Interests") thereby exhausted all 84 hours of allowed laytime, and accrued 80 hours and 5 minutes in demurrage at the port of loading.

245.   The Vessel arrived at Barranquilla, Colombia on July 15, 2020 in all respects ready to discharge the Cargo.

246.   The Vessel provided notice of its readiness to discharge at 3:30 p.m. on July 15, 2020.

247.   Over the course of the more than fourth months between July 15, 2020 and November 25, 2020, the Cargo Interests neither provided discharge instructions nor paid the freight owed under the Voyage Charter, despite repeated requests for both by ST Shipping, its agents and affiliate.

248.   During that period, the Vessel remained in Colombian waters, laden with the Cargo and awaiting discharge instructions from the Cargo Interests.

249.   During that period, the Cargo Interests benefited from the use of the Vessel as floating storage at a time when storage for petroleum products was at a premium.

250.   In addition, despite repeated requests and presentation of invoices and documentation to support demurrage accrued during the subject voyage, the Cargo Interests did not arrange for payment of accrued demurrage, to which ST Shipping was entitled before discharging the cargo under the terms of the Voyage Charter.

251.   On or about October 15, 2020, FMS sent ST Shipping a Notice of Exclusive Control advising ST Shipping that FMS owns the Cargo and shall be the only party who may approve the removal of the Cargo from the Vessel (the "Notice of Exclusive Control").

252.   The Notice of Exclusive Control from FMS further advised that FMS was not releasing the Bills of Lading at that time, and would be in communication soon with additional instructions on removal of the Cargo from the Vessel.

253.   However, despite repeated requests by ST Shipping, its agents and affiliate, neither SGR nor FMS arranged to discharge the Cargo and pay the freight owed to ST Shipping until November 25, 2020.

254.   On November 4, 2020, SGR, acting on behalf of FMS, directed ST Shipping to move the Vessel to the inner anchorage at Barranquilla, Colombia for the purpose of allowing FMS to sample the Cargo.

255.   Pursuant to the Cargo Interests' request, ST Shipping arranged for the shifting of the Vessel to the inner anchorage for cargo sampling, which occurred on November 6, 2020.

256.   Under the Voyage Charter, ST Shipping is entitled to reimbursement of expenses incurred in shifting the Vessel for this sampling.  The costs for the shifting on November 6, 2020 totaled US $3,922.03.

257.   On November 19, 2020, ST Shipping sent a letter by email to Cargo Interests requesting that they advise as soon as possible what arrangements they would make to discharge the cargo promptly, and advising that ST Shipping asserted a lien on the Cargo pursuant to the contract of carriage for the outstanding freight and demurrage accrued to date, which at that time totaled US $450,000.00 and US $2,316,079.17, respectively.

258.   On November 25, 2020, SGR provided instructions to discharge the cargo at Barranquilla, Colombia.

259.   Late that day, on information and belief, FMS arranged payment to ST Shipping in the amount of US $2,892,843.75 towards satisfaction of the outstanding freight of US $450,000.00 and the accrued demurrage through the then–expected discharge date of November 27, 2020, totaling US $2,442,843.75.

260.   Upon receipt of these instructions and funds, ST Shipping promptly approved the Vessel's discharge of the Cargo, which commenced on November 28, 2020 and completed on November 29, 2020.

261.   Since demurrage continued to accrue between the time from 6 hours after the Vessel provided notice of readiness to discharge on July 15, 2020 until completion of the discharge of the Cargo on November 29, 2020, further time on demurrage accrued at the discharge port.

262.   Total time on demurrage at the discharge port exceeded 136 days.

263.   Upon completion of discharge, combined with the demurrage incurred at the loading port, the total demurrage accrued during the subject voyage was in the amount of US $2,489,942.88.

264.   Plaintiff commenced the instant action against SGR and ST Shipping on October 27, 2020 in which Plaintiff alleges, *inter alia*, that it is entitled to the funds in the amount of US $2,892,843.75 which ST Shipping received on November 25, 2020

as payment toward outstanding demurrage and freight. *See, e.g.*, Second Amended Complaint (Dkt. No. 49) at ¶¶ 176–179.

### *Cause of Action as to SGR and FMS: Breach of Contract*

265.    ST Shipping repeats and realleges Paragraphs 222 through 264 above with the same force and effect as if repeated and set forth at length herein.

266.   The Voyage Charter constituted a valid maritime contract for the transportation of goods by sea between ST Shipping and SGR.

267.   As shipper under, and holder of, the Bills of Lading incorporating the terms of the Voyage Charter, FMS was bound by the terms of the Voyage Charter.  The Bills of Lading incorporating the terms of the Voyage Charter constituted a contract for carriage of goods by sea between ST Shipping and FMS.

268.   Pursuant to the Voyage Charter the Cargo Interests were obligated, *inter alia*, to pay freight in the amount of US $450,000.00 to ST Shipping prior to the discharge of the Cargo.

269.   Pursuant to the Voyage Charter, the Cargo Interests were obligated to conduct cargo operations – both loading and discharge – within the allowed total laytime of 84 hours, or else pay demurrage to ST Shipping at a rate of US $17,750.00 per day as liquidated damages in accordance with the terms of the Voyage Charter.

270.   In addition, pursuant to the Voyage Charter, ST Shipping is entitled to reimbursement from the Cargo Interests of expenses incurred in shifting the Vessel as required by Cargo Interests, and all port expenses incurred to permit cargo sampling.

271.    ST Shipping performed its obligations under the Voyage Charter, and the Vessel completed the voyage from Point Comfort, Texas to the discharge port of Barranquilla, Colombia.

272.    The Cargo Interests breached the Voyage Charter by failing to pay the required freight, and by failing to arrange for loading and discharge of the cargo within the allowed laytime.

273.    As a result of these breaches, ST Shipping suffered damages in the form of unpaid freight and demurrage.

274.    Combined with the freight owed to ST Shipping (US $450,000.00), the total demurrage payable to ST Shipping for the subject voyage (US $2,489,942.88) equaled the sum of US $2,939,942.88.

275.    Although ST Shipping received payment on November 25, 2020 of US $2,892,843.75 towards outstanding freight and the then–current estimated total demurrage, which Plaintiff alleges it paid under protest and now wrongly seeks to recover, ST Shipping is still owed outstanding demurrage from the Cargo Interests, jointly and severally, in the net amount of US $47,099.13.

276.    Moreover, in the event that ST Shipping is required to refund to Plaintiff any amount of the US $2,892,843.75 which it previously received, ST Shipping's damages recoverable against SGR for SGR's breach of the Voyage Charter will increase accordingly.

277.   As detailed above, ST Shipping also incurred shifting costs for which it is entitled to reimbursement from Cargo Interests pursuant to the Voyage Charter in the amount of US $3,922.03, but which Cargo Interests have failed to pay.

278.   In addition, ST Shipping has been forced to incur costs in defending the instant action by Plaintiff, including attorney fees.

279.   In its claims against ST Shipping, Plaintiff seeks recovery of amounts which SGR owed ST Shipping under the Voyage Charter.

280.   Plaintiff's instant suit against ST Shipping, and ST Shipping's costs and attorney fees incurred in its defense are the direct and foreseeable consequences of SGR's wrongful acts in breaching the Voyage Charter.

281.   Under principles of equity and applicable law, ST Shipping is entitled to recover from SGR its reasonable attorney fees in defense of FMS's claims.

WHEREFORE, PREMISES CONSIDERED, ST Shipping prays that judgment in the sum of $51,021.16, representing the current outstanding freight, demurrage, and shifting expenses owed by Cargo Interests to ST Shipping as nearly as may presently be determined, be entered in favor of ST Shipping against SGR and FMS, jointly and severally, together with interest, costs and attorney fees.  ST Shipping further prays that if this Court finds that FMS is entitled to reimbursement of any part of the amounts previously received by ST Shipping as payment toward freight and demurrage, which entitlement is specifically denied, that ST Shipping be granted judgment against SGR

for any such amounts, and that ST Shipping be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, No. F570
Houston, Texas 77007
Telephone:       (713) 864–2221
Facsimile:       (713) 864–2228
Email:   macknife@macknife.net

OF COUNSEL:
*Admitted Pro Hac Vice*
John R. Keough, III
S. D. N. Y. No.  JK6013
George Cornell
S. D. N. Y.  No.  GC7343
Clyde & Co. US  LLP
405 Lexington Avenue
New York, New York 10174–0002
Telephone:   (212) 710–3900
Facsimile:    (212) 710–3950

ATTORNEYS FOR DEFENDANT AND
CROSS CLAIMANT, ST SHIPPING &
TRANSPORT PTE  LTD

### *Certificate  of  Service*

I served this Amended Answer, Counterclaim and Crossclaim on the parties by

their respective counsel of record by CM/ECF on September 23, 2021.

_____

Robert C. Oliver