IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FCSTONE MERCHANT SERVICES, LLC** § § § *Plaintiff*, § § v. § § **SGR ENERGY, INC. and ST SHIPPING & TRANSPORT PTE LTD., and THOMAS SAN MIGUEL, Individually** § § § § § *Defendants.* § | **CIVIL ACTION NO. 4:20-cv-03693** |

**DEFENDANT SGR ENERGY'S ANSWER TO ST SHIPPING'S SECOND AMENDED CROSSCLAIM**

Defendant SGR Energy, Inc. ("SGR" or "Defendant") files this Answer to ST Shipping and Transport PTE Ltd. ("STS")'s Second Amended Complaint, Counterclaim, and Crossclaim (ECF No. 56) and would show this Court as follows.

**SGR'S ANSWER**

STS's Crossclaim against SGR is contained within its Answer and Counterclaim to Plaintiff FCStone Merchant Services, LLC ("FMS") Second Amended Complaint [Doc. 49]. To the extent that STS's pleading comprises its answer to FMS's Second Amended Petition, no response to by SGR is required to STS's pleading.

1. to 221.   No response to STS's Answer to FMS's Complaint and Affirmative Defenses is required by SGR.

**RESPONSE TO AMENDED CROSSCLAIM AGAINST SGR**

*Parties*

222.   Defendant admits the allegations contained in this paragraph.

223. Defendant admits the allegations contained in this paragraph.

224. Defendant admits the allegations contained in this paragraph.

225. Defendant admits the allegations contained in this paragraph.

226. Defendant admits the allegations contained in this paragraph.

*Jurisdiction and Venue*

227. Defendant admits the allegations contained in this paragraph.

228. Defendant admits the allegations contained in this paragraph.

229. Defendant admits the allegations contained in this paragraph.

230. Defendant admits the allegations contained in this paragraph.

231. Defendant admits the allegations contained in this paragraph.

*Factual Background*

232. Defendant admits the allegations contained in this paragraph.

233. Defendant admits the allegations contained in this paragraph.

234. Defendant admits the allegations contained in this paragraph.

235. Defendant admits the allegations contained in this paragraph.

236. Defendant admits the allegations contained in this paragraph.

237. Defendant admits the allegations contained in this paragraph.

238. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter and Bills of Lading speak for themselves.

239. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

240. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

241. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

242. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

243. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speak for itself.

244. Defendant is without sufficient information to either admit or deny the allegations of this paragraph, which are, therefore, denied.

245. Defendant admits the date of arrival in Colombia but is without knowledge as to the remaining allegations, which are, therefore, denied.

246. Defendant admits the allegations contained in this paragraph.

247. Defendant admits the freight was not discharged over identified period but denies the remaining allegations of this paragraph.

248. Defendant admits the vessel remained in Colombian waters and denies the remaining allegations.

249. Defendant denies all allegations of this paragraph.

250. Defendant admits that for a certain period of time, STS was unpaid and denies the remaining allegations.

251. Defendant admits the allegations contained in this paragraph.

252. Defendant admits the allegations contained in this paragraph.

253. Defendant denies the allegations contained in this paragraph.

254. Defendant admits the allegations contained in this paragraph.

255. Defendant admits the allegations contained in this paragraph.

256. To the extent the allegations of the paragraph relate to the Voyage Charter, the document speaks for its; all other allegations are denied.

257. Defendants admits that STS sent a letter regarding the topics alleged and denies the value of the amounts asserted.

258. Defendant admits the allegations contained in this paragraph.

259. Defendant admits that FMS arranged payment for certain sums and denies the remaining allegations of this paragraph

260. Defendant admits the cargo was discharged on the dates identified and is without information related to the remaining allegations, which are therefore, denied

261. To the extent the allegations of the paragraph relate to the Voyage Charter, the document speaks for its; all other allegations are denied.

262. Defendant admits the allegations contained in this paragraph.

263. Defendant denies the allegations of this paragraph.

264. Defendant admits the allegations contained in this paragraph.

### Cause of Action as to SGR and FMS: Breach of Contract

265. No response to the allegations of this paragraph is required.

266. Defendant admits the allegations contained in this paragraph.

267. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

268. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

269. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

270. No response is necessary to the allegations contained in this paragraph, as the Voyage Charter speaks for itself.

271. Defendant admits that STS transported the cargo from Point Comfort, Texas to Barranquilla, Colombia and denies the remaining allegations of the paragraph.

272. Defendant denies the allegations of this paragraph.

273. Defendant denies the allegations of this paragraph.

274. Defendant denies the allegations of this paragraph.

275. Defendant denies the allegations of this paragraph.

276. Defendant denies the allegations of this paragraph.

277. Defendant admits that STS incurred shifting costs but denies the remaining allegations of the paragraph.

278. Defendant denies the allegations of this paragraph.

279. No response is necessary to statements of this paragraph but if a response is required, the allegations are denied.

280. Defendant denies the allegations of this paragraph.

281. Defendant denies the allegations of this paragraph.

282. Defendant denies the allegations and claims of STS's concluding paragraph.

## **AFFIRMATIVE DEFENSES**

283. Regarding all Plaintiff's claims and STS's crossclaims, Defendants would show that Plaintiff has title to all of the crude oil that was the cargo on the "Second Voyage" as described in the Complaint and as described in the Bill of Lading attached as Exhibit H. It is totally within Plaintiff's power to take any action necessary to unload that crude to storage tanks in Barranquilla, Colombia or to otherwise sell the crude oil. In fact, as Plaintiff well knows, SGR has access to

storage tanks at that location and offered to unload the crude oil to those tanks several times during summer and fall of 2020 and offered a sublease of its tanks in Colombia to accommodate Plaintiff. Plaintiff refused. Thus, any claim for harm to the crude oil off loaded from the Miss Claudia at the docks in Barranquilla was the result of actions and omissions by Plaintiff and totally within its control.

284. As stated above, SGR sought to unload the crude oil from the Miss Claudia. The first date that the Miss Claudia could have been unloaded into SGR's tanks in Colombia was on or about September 29, 2020. But Plaintiff refused to allow the crude oil to be unloaded.

285. Pursuant to the MPSA, if Plaintiff gives a notice of an Early Termination Date of the agreement, Plaintiff is obligated to liquidate any Terminated Transaction at Market Value. Plaintiff designated October 19, 2020 as an Early Termination Date and terminated all pending transactions. However, after that date, Plaintiff chose to keep the crude oil loaded in the cargo hold of the Miss Claudia at the docks in Barranquilla, Colombia. Further, as noted above, the crude oil could have been unloaded in September 2020, but Plaintiff refused to allow it. As a result, the demurrage charges continued for the ship after September 29, 2020 and continued thereafter until the crude oil was off loaded. To the extent that Plaintiff has compensable damages, it failed to mitigate those damages as required by the MPSA and applicable law. SGR is entitled to an offset for any and all demurrage charges and any other charges related to the charter of the Miss Claudia, or other losses with regard to the value of the crude oil, that were incurred or increased as a result of Plaintiff's refusal to unload the crude oil and sell it on or after September 29, 2020.

286. SGR is entitled to an offset for any losses in market value of the crude oil on the Miss Claudia due to Plaintiff's actions or inactions pursuant to Sections 7.2, 7.3 and 7.4 of the

MPSA. Plaintiff breached and failed to follow the terms of the MPSA with regard to the crude oil on the Miss Claudia and that breach was material. As a result of that material breach, Plaintiff's claims with regard to the crude oil on the Miss Claudia or any transactions under the MPSA related to that crude oil are barred and SGR's failure to perform as to that crude oil is excused.

287. The transaction by which the crude oil at issue on the "Second Voyage" as described in the Complaint was sold to Plaintiff was not an In-Transit Purchase as described in Section 2.2 of the MPSA. The provisions of Section 2.2 of the MPSA do not apply with regard to that sale. As a result, SGR was not responsible for any fees or charges described in Section 2.2(h) of the MPSA.

288. SGR is entitled to an offset for all damages related to its counterclaim against Plaintiff and is not liable to STS related to any costs for the transport or demurrage as Plaintiff is liable for both.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff SGR Energy, Inc. pray that upon final hearing hereof:

- a. Plaintiff and STS take nothing by this suit;
- b. This Court enter judgment on behalf of Defendant SGR;
- c. SGR recovers all damages for its counterclaim, together with all court costs, attorney's fees and other expenses recoverable by law;
- d. Prejudgment and post-judgment interest owed to SGR; and
- e. Any other relief to which it is justly entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, PC**

By: */s/ D. Mitchell McFarland*
    **D. Mitchell McFarland**
    State Bar No. 13597700
    Federal ID No. 2379
    **J. Mark Deaton**
    State Bar No. 24069588
    Federal ID No. 1094927
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Facsimile:  (713) 222-1475
    Email: mmcfarland@munsch.com
    Email: mdeaton@munsch.com

**ATTORNEYS FOR DEFENDANT SGR ENERGY, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the following counsel of record on the October 7, 2021 pursuant to the Federal and Local Rules of Civil Procedure:

Yasser A. Madrid
Miles O. Indest
MCGUIREWOODS LLP
600 Travis Street, Suite 7500
Houston, Texas 77002

Addison E. Fontein
MCGUIREWOODS LLP
2000 McKinney Ave., Suite 1400
Dallas, Texas 75201

    */s/ D. Mitchell McFarland*
    **D. Mitchell McFarland**