**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FCSTONE MERCHANT SERVICES, LLC,** | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Civil Action No. 4:20–cv–03693 |
| **SGR ENERGY, INC., ST SHIPPING & TRANSPORT PTE LTD, and THOMAS SAN MIGUEL, individually,** | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF
AUTOMATIC STAY AS TO ST SHIPPING & TRANSPORT PTE LTD,
AND IN THE ALTERNATIVE, MOTION TO SEVER**

Plaintiff FCStone Merchant Services, LLC ("FMS" or "Plaintiff") files this Reply in Support of its Motion for Reconsideration of the Automatic Stay [Dkt. 78] (Plaintiff's "Motion") entered by this Court on September 9, 2022 [Dkt. 77] (the "Stay Order") as to non-debtor ST Shipping PTE LTD ("STS"), and, in the alternative, Motion to Sever Plaintiff's claims as to STS. Specifically, FMS's Motion should be granted because, among other reasons:

- **STS admits it is not entitled to an automatic stay as a non-debtor;**

- **STS has not met its burden to maintain a discretionary stay;**

- **Judicial efficiency is not a sufficient basis to extend a discretionary stay to a non-debtor, especially after the *second* bankruptcy filing of SGR Energy, Inc. ("SGR") that stopped FMS's claims and discovery against STS; and**

- **Alternatively, FMS's claims against STS should be severed as separate and not inextricably intertwined with FMS's claims against SGR, a non-affiliate.**

1

## <u>ARGUMENTS AND AUTHORITIES</u>

**I.      STS is not entitled to an automatic or discretionary stay.**

At the onset of its Response, STS *admits* that the bankruptcy court's automatic stay does *not* extend to STS. [Dkt. 79 at 1 ("The motion contends that no automatic stay applies to ST Shipping … ST Shipping concurs.")] Instead, STS tries to argue that the Court properly utilized its discretionary authority to stay this matter as to STS. This argument lacks merit.

First, the Court's Stay Order indicates that it was executing an automatic stay: "When a bankruptcy petition is filed, **an automatic stay** operates as a self-executing injunction…. The Court **therefore** ORDERS that this case is STAYED …. [P]ending motions … may be summarily re-urged **if the automatic stay is lifted**." [Dkt. No. 77 (emphasis added).]  No language in the Stay Order indicates that the Court sought to exercise discretionary authority. Accordingly, STS's acknowledgment that the bankruptcy court's automatic stay does not extend to STS should be treated as a non-opposition to this Court lifting the automatic stay as to STS.[1]

Furthermore, it is not FMS's burden to show why the stay should be lifted.  As the party seeking to take advantage of the stay, *STS has the burden* to show that it applies. *See* 2 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE § 43:4 (3d ed. Supp. 2010) (noting that, in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *see also Arnold v. Garlock, Inc*., 278 F.3d 426, 436 (5th Cir.2001) (holding that the defendant had "no interest to establish such an identity [of interests] with [the] debtor").  STS has not carried, or even acknowledged, its burden to extend the stay to itself as a non-debtor and non-

---

[1] Similarly, STS's argument that FMS must first seek relief from the bankruptcy court is nonsensical.  Since the automatic stay only applies to a debtor, and not to STS, STS cannot force FMS to ask for relief from a stay as to STS *that the bankruptcy court did not enter*.  FMS properly seeks relief as to STS from this Court.

affiliate of SGR.  And despite the legal authority in FMS's Motion, STS has not asserted that it carries such an "identity," "interest," or "alignment" with SGR or San Miguel that STS should be covered by the stay.  [*See* Dkt. 78 at 7-8 (discussing the required "Special Relationship" between debtor and non-debtor to take advantage of the stay).]

Second, even if this Court had imposed a discretionary stay, it should be reconsidered or lifted as to STS.  District courts may exercise their discretion to stay a proceeding against nonbankrupt codefendants "in the interests of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir.1983); *see also Gulf Coast Hotel–Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, Civil No. 1:08CV1430–HSO–JMR, 2010 WL 972248, at *3 (S.D. Miss. Mar. 12, 2010) (finding that a district court may issue a discretionary stay even when a § 362 is inappropriate). This discretion, however, is "limited." *Fidelity & Deposit Co. of Md. v. Tri–Lam Co*., Civil Action No. SA–06–CA–207–XR, 2007 WL 1091311, at *1 (W.D. Tex. Apr. 9, 2007) ("The district court may also grant a discretionary stay of the action against non-bankrupt co-defendants; however, this discretion is limited."). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth*, 706 F.2d at 545 (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936)). "A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985) (citing *Wedgeworth*, 706 F.2d at 545).

*Beran v. World Telemetry Corp*. is also instructive, as it: (1) supports FMS's arguments that the stay should not extend to STS; *and* (2) rejects STS's arguments in its Response.  747 F. Supp. 2d 719, 723 – 724 (S.D. Tex. 2010).  In *Beran*, an employee brought an action in state court

3

against his former employer and its officers, asserting claims related to an employment agreement. *Id.* Following removal, the employer filed a bankruptcy petition, and the defendants moved to extend the bankruptcy stay to the employer's officers. *Id.*

The court first determined that an automatic stay did not apply to the non-debtor defendants. *Id.* The court then declined to use its discretionary authority to extend the stay, rejecting the defendants' arguments that they would suffer hardships if forced to proceed without a stay. *Id.* According to the court, "The indefinite nature of the bankruptcy stay weighs in favor of declining such relief." *Id.* The court emphasized the Fifth Circuit's caution that: "before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution . . . in light of the principle that 'stay orders will be reversed when they are found to be of an indefinite duration.'" *Wedgeworth*, 706 F.2d at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)). In this regard, the Fifth Circuit's decision in *Wedgeworth* is instructive as to how this court should weigh the competing concerns:

> Defendants have not shown that any hardship complained of is the result of proceeding to trial now. Nor is there a showing that the difficulties inherent in the general situation, **including potential judicial inefficiency,** constitute a sufficient offset to the **plaintiffs' right to proceed without inordinate delay to resolution** of their claims.

*Wedgeworth*, 706 F.2d at 545 (emphasis added).

Here, as in *Beran*, STS tries to argue that judicial efficiency supports the alleged discretionary stay. As established by *Brenan* and *Wedgeworth*, however, STS's argument is insufficient to support a discretionary extension of a stay to a non-debtor. And the Fifth Circuit's warning with respect to stay duration is especially relevant here, because this is the *second time* FMS was forced to delay the resolution of its claims against STS based on a bankruptcy filing by SGR—a non-affiliate and entity wholly distinct from STS.

4

Finally, *Beran* also clarified that *Federal Life Insurance Company v. First Financial Group of Texas, Inc.*—which STS relies upon heavily in its Response—relates to the question of whether a *bankruptcy* court may compel an *automatic stay* to a non-debtor. *Beran*, 747 F. Supp. 2d at 724. That is not an issue here, as admitted by STS.  The bankruptcy court's automatic stay does not, and should not, extend to STS.  *Id.* ("There is absolutely no suggestion in *First Financial* that the automatic stay in bankruptcy compelled a stay of the action against the co-defendants.").

Given the foregoing, the Court should lift the automatic stay with respect to STS and allow FMS to proceed with its separate claims against STS. To the extent the Court sought to impose a discretionary stay, STS has not met its burden to maintain the stay, which would prejudice FMS.

## II.    In the alternative, the Court should sever FMS's claims against STS.

FMS disagrees with STS's contention that a different standard applies to its alternative request to sever its claims against STS. As established previously, an automatic stay under 11 U.S.C. § 362(a) generally protects only the debtor in the bankruptcy proceeding, not co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). Thus, an automatic stay does *not* protect co-defendants or preclude severance. *Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2011) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). Further, "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding." *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990). Thus, despite the initiation of the bankruptcy proceeding, this Court can "retain jurisdiction to determine the applicability of the stay to litigation pending before [it], and to enter orders not inconsistent with the terms of the stay." *Id.* In such circumstances, severing claims is an appropriate approach.

In any event, assuming *arguendo* that the typical severance analysis applies in this instance,

that analysis strongly favors severing FMS's claims as to STS. As discussed in FMS's Motion, FMS's claims against STS are separate and distinct from the claims FMS asserts against SGR. Specifically, Plaintiff's claims against STS arise from STS's independent actions and omissions in holding FMS's oil hostage, stalling the offloading of the vessel in question, and charging excessive costs and fees, resulting in Plaintiff's payment under protest to STS in the amount of $2.8 million.

STS operated the vessel in question and was paid $2.8 million under protest by FMS, not by SGR. As such, the operative facts that support FMS's claims against STS are different than those that support FMS's claims against SGR, which arise from SGR's breach of a Master Purchase and Sales Agreement and the failure to provide quality crude oil.  Regardless of SGR's liability to FMS on other issues, STS is liable on its own to FMS.  And regardless of SGR's debts to FMS, STS still owes money to FMS, who paid STS under protest.  In sum, FMS's claims against STS stem from a different set of facts and agreements, will involve different questions of law and damages at trial, and will require different discovery as compared to FMS's claims against SGR.

Finally, as detailed in FMS's Motion and this Reply, FMS will be significantly prejudiced if a stay is extended to STS.  FMS's claims, discovery, and recovery as to STS should not be stayed *a second time* due to an unrelated bankruptcy filed by a *separate* Defendant and non-affiliate of STS. As such, despite STS's assertions to the contrary, FMS's claims against STS are not "inextricably intertwined" with FMS's separate claims against SGR, nor will STS be prejudiced if FMS is permitted to prosecute its claims. The only party that faces prejudice is FMS, given (1) the extensive litigation delays caused by SGR's bankruptcy filings that do not relate to FMS's claims against STS; and (2) STS's continued efforts to stall discovery based on SGR's bankruptcies.

## CONCLUSION

For these reasons, FMS respectfully requests that the Court enter an order amending the Stay to apply to the Debtors only, and, in the alternative, an order severing Plaintiff's claims against STS from the Stay.

Respectfully submitted,

MCGUIREWOODS LLP

*/s/ Yasser A. Madriz*
**Yasser A. Madriz**
Federal ID No. 39080
State Bar of Texas No. 24037015
845 Texas Avenue, 24th Floor
Houston, Texas 77002
(832) 255-6361 Telephone
(832) 241-9931 Facsimile
ymadriz@mcguirewoods.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF FCSTONE MERCHANT SERVICES, LLC**

OF COUNSEL:

**Miles O. Indest**
Federal ID No. 3070349
State Bar No. 24101952
mindest@mcguirewoods.com
845 Texas Avenue, 24th Floor
Houston, Texas 77002
713-353-6681 Telephone
832-255-6381 Fax
**Addison E. Fontein**
Federal ID 3530304
State Bar No. 24109876
afontein@mcguirewoods.com
2000 McKinney Ave., Suite 1400
Dallas, Texas 75201
214-932-6436
F: 469-372-3891

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of November 2022 a true and correct copy of the foregoing Response was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned case.

*/s/ Addison Fontein*

Addison Fontein
